UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN J. FUERY,

    Plaintiff,

v.

MARK CHERRY, et al.,

    Defendants.

No. 2:18-CV-00982-KJM-CKD

ORDER

Among other defendants, plaintiff John Joseph Fuery sues Sacramento County Superior Court Judges John Winn, Laurel White and Michael Savage, Court Commissioner Phillip Stanger and Court Clerk Trevor Shaddox ("defendants") for alleged due process violations under the Fifth and Fourteenth Amendments and for violations of the Americans with Disabilities Act ("ADA") and 29 U.S.C. § 794 ("Rehabilitation Act"). Compl., ECF. No. 1; Compl. Exs. A-E1 ("Allegations") at 1, ECF No. 1-1. Defendants move to dismiss with prejudice and without leave to amend. Mot., ECF No. 6-1. Fuery did not file an opposition, and defendants filed a reply noting as much. Reply, ECF No. 17. As explained below, defendants' motion to dismiss is GRANTED with prejudice.

I. BACKGROUND

In considering this motion, the court takes the following allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Fuery, a pro se litigant, sues

1

defendants under 42 U.S.C. § 1983, which provides "[e]very person who, under color of any [state law] . . . subjects, or causes to be subjected" a U.S. citizen or person within U.S. jurisdiction "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *See* Compl. at 3 (asserting violations of due process under the Fifth and Fourteenth Amendments as a § 1983 claim and violations under ADA); Allegations at 1, 3. Fuery alleges several constitutional and statutory violations in his complaint, filed March 18, 2018, all of which stem from his work as a criminal defense attorney and from criminal legal actions taken against him.

Defendant Judges Winn, White and Savage, Commissioner Stanger and Court Clerk Shaddox move to dismiss, arguing all claims are barred by judicial and quasi-judicial immunity because each defendant was working in their judicial capacities or as officers of the court in taking the actions plaintiff challenges in his complaint. Mot. at 2. Defendants also argue that Fuery fails to allege sufficient facts to support cognizable claims for the ADA and Rehabilitation Act violations because Fuery asserts discrimination in connection with his self-representation in criminal actions, not for his disabilities. *Id.* Defendants contend Fuery "cannot cure these defects" and request the court dismiss the complaint against these defendants with prejudice and without leave to amend. *Id.* Fuery did not file an opposition, and as noted defendants filed a reply observing plaintiff had not opposed their motion. Reply at 1.

II. <u>LEGAL STANDARDS</u>

A party may move to dismiss a complaint against it for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the movant can show the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). Determining whether a complaint will survive a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court must construe the complaint in a light most favorable to a plaintiff and accept as true its factual allegations. *Erickson v. Pardus*, 551 U.S. 89,

93-94 (2007). Should a court grant a motion to dismiss, that court may allow the plaintiff leave to amend "when a viable case may be presented." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). But leave to amend would be futile where no amendment could cure the deficiency presented. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *see also Middleton v. Martingale Investments, LLC*, 621 F. App'x 396, 397 (9th Cir. 2015) (finding that the district court properly denied leave to amend for futility because judicial immunity applied). Where the movant demonstrates by factual allegations in a complaint that a claim is legally barred by judicial and quasi-judicial immunity, a motion to dismiss may be granted without leave to amend. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1387-88, 1395 (9th Cir. 1987); *Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986).

III. ANALYSIS

A. Judicial Immunity

Defendant Judges Winn, White and Savage are entitled to judicial immunity against any constitutional claims filed under 42 U.S.C. § 1983. "It is well settled that judges are generally immune from civil liability under [§ 1983]." *Meek*, 183 F.3d at 965 (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam)). The Supreme Court has explained this immunity by reasoning that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). A judge's errors should be corrected on appeal, not by subsequent civil litigation because civil liability "would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam). Indeed, judicial immunity is so firmly grounded in our jurisprudence that it cannot be defeated by procedural error or malicious, biased or controversial actions. *Mireles*, 502 U.S. at 11 (malicious action does not defeat judicial immunity); *Stump v. Sparkman*, 435 U.S. 349, 359, 363-64 (1978) (procedural error does not defeat judicial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) (conspiracy and bribery do not defeat judicial immunity); *Lopez v. Vanderwater*, 620 F.2d 1229, 1234 (7th Cir. 1980) (prejudice does not defeat judicial immunity). Nonetheless, there are two

3

exceptions to judicial immunity: (1) allegations arising from "actions not taken in the judge's judicial capacity," and (2) judicial actions taken "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004). A judge acting in "excess of his jurisdiction" still receives immunity "so long as the acts themselves were judicial." *Rosenthal v. Justices of the Supreme Ct. of Cal.*, 910 F.2d 561, 565-66 (9th Cir. 1990) (citing *Stump*, 435 U.S. at 355-57, and *Bradley*, 80 U.S. at 351). Judicial immunity is extended to most statutory violation claims brought against judges, including those based on the ADA and Rehabilitation Act. *See, e.g.*, *Phiffer v. Oregon*, 586 F. App'x 425 (9th Cir. 2014); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

As indicated by Fuery's complaint, all judges named as defendants operated within their judicial capacities and with jurisdiction when performing alleged acts. *Rosenthal*, 910 F.2d at 565-66; Allegations at 3-5; Mot. at 2. Fuery's allegations against Judge Winn stem from two misdemeanor cases against Fuery adjudicated by Judge Winn. Allegations at 3. Allegations against Judge White arise from her judicial role in a criminal case against another party, in which Fuery attempted to become a substitute attorney. *Id.* at 4, 10. Fuery alleges Judge Savage violated Fuery's constitutional rights during adjudication of a criminal case in which Fuery was scheduled as a prosecution witness. *Id.* at 5, 11. Fuery's complaint confirms the alleged violations occurred when these judges were performing their core judicial duties while exercising the jurisdiction attendant their offices. Defendants Judges Winn, White and Savage are protected by absolute immunity in the face of all of plaintiff's claims.

B.  Quasi-Judicial Immunity

Quasi-judicial immunity applies to the defendants here who are not judges, namely Commissioner Stanger and Court Clerk Shaddox. "Judicial immunity is not limited to judges. It extends to other government officials who play an integral part in the implementation of the judicial function. Such officials enjoy derivative immunity (quasi-judicial immunity) which can be absolute if their conduct relates to a core judicial function." *Antoine v. Byers & Anderson, Inc.*, 950 F.2d 1471, 1474 (9th Cir. 1991), *rev'd on other grounds*, 508 U.S. 429 (1993); *see also*

4

*Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 748 (9th Cir. 2017); *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 948-49 (9th Cir. 2002). Courts afford quasi-judicial immunity to court clerks and commissioners acting in their professional capacity because both "'exercise discretionary judgment' as a part of their function" similarly to a judge, supporting the "long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993) (citations omitted); *see also Antoine*, 950 F.2d at 1474-75 (citation omitted). Fuery's allegations against Stanger originate from one of Fuery's misdemeanor cases, which Stanger adjudicated. Allegations at 3, 27. Allegations against Shaddox arise from two of Fuery's misdemeanor cases in which Shaddox performed his duties as the court clerk. Allegations at 4, 11, 23. Stanger and Shaddox acted in their capacity as officers of the court and exercised discretion within those capacities as part of the core judicial function of adjudication; Fuery's complaint itself confirms this. Allegations at 3-4, 11, 23, 27. Stanger and Shaddox therefore are shielded by absolute immunity from all plaintiff's claims.

Defendants further argue that Fuery's complaint "fails to allege" sufficient facts showing alleged discrimination arose from his disabilities. Mot. at 9-10. The court need not and does not reach this argument.

IV. CONCLUSION

Fuery's complaint against defendants Judge John Winn, Judge Laurel White, Judge Michael Savage, Court Commissioner Phillip Stanger and Court Clerk Trevor Shaddox is DISMISSED because these defendants are protected by judicial and quasi-judicial immunity. The motion to dismiss is GRANTED with prejudice and without leave to amend because amendment would be futile. *Middleton*, 621 F. App'x at 397; *Cafasso*, 637 F.3d at 1058; *Ashelman*, 793 F.2d at 1075.

This resolves ECF No. 6.

IT IS SO ORDERED.

DATED: August 20, 2018.

UNITED STATES DISTRICT JUDGE