LAW OFFICES OF JOHN J. FUERY
P. O. BOX 175
FIELDS LANDING, CA 95537-0175
TELEPHONE:  (415)-233-2814
EMAIL: J @ FUERYLAW.COM

DECLARATION

AUGUST 23, 2018

FUERY  V  CHERRY ET.AL.

CASE NUMBER  2:18-CV-00982-KJM-CKD

TO WHOM IT MAY CONCERN:

I have been quite ill in the last 120 days or so.

I am a disabled 65-year-old attorney, who had a life long brain tumor that was removed May 11, 2015, while I was in a rest home due to disabilities and seizures caused by the size of the benign tumor.

More recently, I was literally medically bed ridden for months of time, which is the major reason for inactivity in the case.

I now am able to answer the demurrers because I have the authorities that prove that the dismissed parties were not covered by immunity because case law shows that "unbridled discretion" and "arbitrary excess of discretion" causing due process violations by the Sacramento County In Pro Per Program, wherein a defendant's pleadings are evaluated and can be arbitrarily rejected by Program Director A. Stanley Kubochi Esq., as was done in this case, to my pleadings and discovery requests multiple times, were unjustifiably not filed, lacking a legal cause for not filing as expected under the program.

FUERY V CHERRY
2:18-CV-00982-KJM-CKD

The authority of *Johnson v. Zerbst, City of Lakewood v. Plain Dealer Publishing Inc.,* and *City of Los Angeles v. Patel* indicate that the Court's lawful jurisdiction is lost if due process violations are allowed to be permitted.

In this case, A. Stanley Kubochi, received motion and discovery requests, which he failed to file or act on, and made sure that I was not informed of his decision to violate my rights to bring defensive motions and obtain discovery.

I sent motions in through Investigator Saucedo as instructed to do, and as had been both successfully and unsuccessfully done before.

In the prior unsuccessful time, Mr. Saucedo was threatened with practicing law without a license, if he helped me by filling the date and time in on my completed motions, which were not set for hearing since Clerk Trevor Shaddix refused to give me a hearing date and time or file the hearing. I had to use the Kubochi in pro per system and allow him to file the motions.

After Clerk Trevor Shaddix's refusal to set a hearing date and my submission of the motions and pleadings through Mr. Saucedo and my belief that the motion and discovery requests I submitted were scheduled for the next court date as prepared, I had a conversation with Clerk Trevor Shaddix wherein he denied my request for another earlier hearing date to receive discovery before the decision date on certain issues.

Clerk Trevor Shaddix led me to believe that the motion that was supposed to have already been filed because submitted was filed and would be heard on the scheduled court date, leading me to believe that it was submitted to the court by Mr. Kubochi and he knew that. He said the motion would be decided on the next hearing date.

When I got to court I learned that the motion I sent to Mr. Kubochi was not filed by the in pro per coordinator, but Trevor Shaddix did not inform me that the pleadings had not been filed. I was intentionally misled and lied to. I found out weeks later at the hearing date in court that no pleadings were filed.

FUERY V CHERRY
2:18-cv-00982-KJM-CKD

In not filing my pleadings, Director Kubochi was apparently acting to impede, obviate, and suppress my rightfully invoked defensive objectives and strategy despite the fact that I refused to give my signature or to accept Director Kubochi's program services and admittance into his program.  I apparently rightfully did not trust the in pro per system that was run by a former prosecuting district attorney.

Clearly, an in pro per Sacramento County System that makes it impossible for an in pro per defendant to file continuance and discovery motions and receive requested necessary defense related discovery and to not inform defendant of the denial of filing of submitted motions and other lack of affirmative acts that impeded my defendant's defense case is what caused the filing of this suit in federal court against Sacramento County employees, who performed the violative acts.

The Pro Per Program and its Director work to illegally convert Defendants' pro per defensive rights to bargained for privileges, decided on by a wayward improperly motivated advisory Counsel, assigned to be a fiscal and proper court form monitoring Administrator.

If Director Kubochi as a Bar Attorney has any legal standing or purpose to act as he does as a purported Pro Per Program Coordinator, his only lawful duties would be to help pro per defendants file legally sufficient pleadings in fact, and not to interfere with a defendant's defense by acting as their Lawyer and disallowing legal pleadings for content.

Clearly Director Kubochi is not acting as a Prosecutor, nor Public Defender, nor a Clerk, nor a Judge, or the Pro Per Defendant in fact, but he can be shown to be acting in all five capacities depending only on his unclear  "unbridled discretion" and "unclear intent."

 My own medically continuing illness and medical inability to physically do the work on time caused depression, which with the medical illness factors led to total inactivity to flesh out this legal reasoning earlier in time.

FUERY V CHERRY
2:18-cv-00982-KJM-CKD

So the Court's ruling on immunity is an obvious result of my inactivity.

I do not in any way stipulate or acquiesce to the fact that these parties, whom the Court has now dismissed, possess immunity. Their own personal acts or in using the Sacramento County in pro per system and allowing the "unbridled discretion" and due process violations to happen, have made all actors named lacking jurisdiction and therefore lacking immunity. Thus, there are grounds for a motion for reconsideration.

 The original complaint was, in fact, improper because I sued the Judges and other parties personally and not in their official capacity, which would not be as easily demurrered to and was more proper.

 I, however, clearly failed to respond in time, due to my medical illnesses and medical disabilities.

However, the facts of due process violations in this case because I have been forced to defend myself in pro per under the coerced hampering of Director Kubochi and his defensively detrimental, unsolicited representation and discretion are real and actual due process violations to:
 (1) My California Constitutional Article 1 Section 1 right to self defense; and
(2) My United State Constitutional 1st Amendment rights of freedom of speech; and (3) My right to petition the Government for redress of grievances; as well as,
(4) My 6th Amendment right to Counsel that in fact caused loss of immunity for the Pro Per Program (and its Officer(s) and services) that I refused to stipulate into, and the Deputy Clerks and Judges who refused to recognize  my particapatory refusal, and proceeded to treat me as if I was a willing participant in the Sacramento County In Pro Per System which appears to be a way to wear down in pro per defendants, who are exercising their due process and constitutional rights.

Thus, arguably said Judicial Officials and Employees, in particular Clerk Trevor Shaddix, joined in a conspiracy of  illegally converting my self defense rights by refusing to deal with me in my rightful unfettered self in pro per status, or with my own self status as a Licensed Bar Attorney representing myself. Refusal to set

hearing dates for an attorney and accept properly prepared pleadings should be actionable because it is intentional interference in a person's occupation..

Thus, the named Clerk and Judges failed to accept the fact that I refused the Sacramento County in pto per system and refused to sign up for the program. Said Clerk intentionally refused to allow me to set hearing dates. He and the Judges failed to notice my intentional lack of waiving my right to my own self-defense and my own in pro per right to self representation, as is their duty under *Johnson v. Zerbst* and rather forced me to accept the hampered impeded in Pro Per Program status results without my consent.

*Johnson v. Zerbst*, *City of Lakewood v Plain Dealer Publication, Inc..* and *City of Los Angeles v. Patel* hold the ultimate result of due process violations to be that the unconstitutional acts cause jurisdiction to be lost even for a Judge.

A Government Official only can be said to be acting in their Official capacity while following the law, so since due process violations are against the law, their being committed equals "unbridled discretion" or "arbitrary discretion", which actually equates to non-discretion, whereby their acts equates to voidable acts, i.e. nullities without Judicial purpose or weight or a voidable prosecution due to the refusal to allow setting of motions and receiving requested discovery.

To the extent that the County of Sacramento through its employees has worked to deny my constitutionally derived due process rights regarding preparation of my defense for trial, jurisdiction of the actors was legally and factually lost and immunity derived from legal jurisdiction was lost and should be recognized as such, so as not to force me into a voidable trial where my attempted preparation of necessary defense was intentionally and illegally denied.

My own disabilities derived from:

(1) My life long brain tumor and current rehabilitation from surgical excision thereof; and

(2) The residual disabilities from the major stroke of June 18, 2013, which paralyzed my entire dominant right side; and

FUERY V CHERRY
2:18-cv-00982-KJM-CKD

(3) My atrial fibrillation and atrial flutter and now damaged heart (Heart attack April 9, 2017) cause me to live disabled.

I suffer at times from depression due to the life disabilities I have every day. Depression caused me to just do nothing because I was bed ridden, in intense pain and paralyzed due to gout. I have altered my diet, so the gout is now in remission.

I just need more time to do the research and writing to lay out the arguments.

Thank you and God bless the Courts, and long live justice and the rule of law.

I declare under penalty of perjury and the laws of the State of California that the forgoing in true and would ask for sufficient time to draft a motion explaining in detail the loss of Jurisdiction issue involved in this case.


/s/   John J. Fuery   /s/
      John J. Fuery