| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. FUERY, | No. 2:18-cv-00982-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| MARK CHERRY, et al., | |
| Defendants. | |

Among other defendants,[1] plaintiff John Joseph Fuery sues A. Asterlin, Mark Cherry, A. Stanley Kubochi, Hubert Chen, Jeff Harry, Stephanie Maroun and Jason Stratton (collectively "defendants") for alleged due process violations under the Fifth and Fourteenth Amendments and for violations of the Americans with Disabilities Act ("ADA") and 29 U.S.C. § 794 ("Rehabilitation Act"). Compl., ECF. No. 1; Compl. Exs. A–E1 ("Allegations") at 1[2], ECF No. 1-1. Defendant A. Asterlin separately moves to dismiss with prejudice and without leave to

---

[1] Not every named defendant has moved to dismiss. Andrew I. Saucedo and Horst Zetterling have not moved to dismiss Fuery's complaint or filed an answer. *Compare* Compl. at 7, *with* ECF Nos. 6, 9, 13, 15.

[2] Pagination references to this document are to pagination in ECF, not the document's internal pagination.

1

amend. ECF No. 6-1.  The remaining defendants named above jointly move to dismiss all allegations against them.  ECF No. 15-1.

Fuery did not file a timely opposition to either motion or appear at hearing.  As explained below, defendants' motions to dismiss are GRANTED.  The court grants Fuery leave to amend only as to part of his ADA and Rehabilitation Act claim, his allegations against Hubert Chen and his allegations against Jeff Harry.  The court otherwise denies Fuery leave to amend.

I. BACKGROUND

A. Fuery's Allegations

In considering this motion, the court takes the following allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Fuery, a pro se litigant, sues defendants under 42 U.S.C. § 1983, which provides "[e]very person who, under color of any [state law] . . . subjects, or causes to be subjected" a U.S. citizen or person within U.S. jurisdiction "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *See* Compl. at 3 (asserting violations of due process under the Fifth and Fourteenth Amendments as a § 1983 claim and violations under ADA); Allegations at 1, 3.  Fuery alleges several constitutional and statutory violations in his complaint, filed March 18, 2018, all of which stem from his work as a criminal defense attorney and from criminal legal actions taken against him.

The court details Fuery's allegations against each moving defendant below.

1. A. Asterlin

Fuery identifies Asterlin as a court-appointed defense attorney for Fuery's former client Bagshaw.  Allegations at 6.  Fuery alleges Asterlin "instituted a California Penal Code § 1368 ('PC 1368': inability to assist counsel) against Mr. Bagshaw causing Mr. Bagshaw to be incarcerated for 5 and one half months" without Bagshaw's receiving "treatment of any kind." *Id* at 20.  Fuery contends Asterlin "invoked a fraudulent PC 1368 against" Bagshaw. *Id.* at 6.

The court construes this allegation as an assertion that Asterlin committed legal malpractice or professional negligence against Bagshaw by requesting a mental competency

hearing under California Penal Code section 1368 that resulted in Bagshaw's detention for five-and-a-half months. Fuery also alleges Asterlin "was extremely abusive and unreceptive to Mr. Fuery's attempts to educate him on the truth of" Bagshaw's criminal case, suggesting to Fuery that he "should just substitute in as Mr. Bagshaw's attorney." *Id.* at 20.

### 2. Mark Cherry

Fuery identifies Cherry as a Sacramento County Sheriff's Department Deputy. Allegations at 3. Fuery alleges "Sheriff's Department's members, including and on behalf of [Cherry], colluded under the guise of official capacity to deprive [Fuery] of his [l]ife and [l]iberty since 2014." *Id.* Cherry "fabricated" a statement "to a Judge in the Sacramento County Superior Court." *Id.* at 4. Cherry wrote "a fraudulent probable cause statement" in relation to Fuery's client Bagshaw. *Id.* at 8. Fuery also alleges Cherry falsified evidence "to illegally search and seize [Fuery's] client Mr. Bagshaw's legally grown [m]edical [m]arijuana." *Id.* at 15.

Cherry, along with "another Deputy, pa[id] Mr. Fuery a menacing visit at the internal back door of [Fuery's] office." *Id.* at 8, 13 (bold and capitalization removed). Cherry had explained his presence as part of a "welfare check" request, but neither deputy answered Fuery's question as to who called in the request. *Id.* at 13-14. Fuery suspected the deputies "were attempting to interfere with" the upcoming suppression hearing, "then ended the interaction by declaring that the two" deputies had no further business at Fuery's office. *Id.* at 14.

Cherry also wrote a statement that "Fuery had told Deputy Cherry that [Fuery] received [cannabis extract] contraband in exchange for legal fees from Mr. Bagshaw, which resulted in the *Bagshaw* Motion to Suppress being cancelled and [Fuery's] being accused that as Mr. Bagshaw's [a]ttorney that [Fuery] was now a potential witness for the [p]rosecution." *Id.* at 8, 14 (bold removed). "Plain and simple, Deputy Cherry lied." *Id.* at 15. Fuery "had only ever worked Pro-Bono for Mr. Bagshaw." *Id.*

Fuery alleges Cherry violated Fuery's constitutional right "to be free from [s]lander and [l]ibel," and Cherry's lies harmed Fuery "by compromising Mr. Bagshaw, thereby leading to a loss of employment for" Fuery. *Id.* Cherry also violated Fuery's and Bagshaw's constitutional "Due Process [r]ights" through his "intimidatory actions." *Id.* at 16.

3

### 3. A. Stanley Kubochi

Fuery alleges Kubochi, the Pro Per Coordinator for the Sacramento County Superior Court, disallowed Fuery's first motion to continue "simply because there was no hearing date/time stated on the form." Allegations at 3, 24. Fuery alleges he "has been disallowed from setting [d]iscovery hearing dates, and from setting [m]otions to [c]ontinue or to [e]xtend [t]ime . . . ." *Id.* In 2018, Kubochi denied Fuery's discovery motions and motion to extend time with no notice. *Id.* Fuery accuses Kubochi of a "bait and switch scheme where [Kubochi] refuses to do as he agreed," failing in "his duties to file In Pro Per [d]efendant pleadings," with no notice "of the procedural changes that would adversely affect" Fuery's case. *Id.* at 27-28. Fuery also alleges ADA violations against Kubochi. *Id.* at 4 (contending "Kubochi failed to provide adequate ADA assistance"). Fuery refers to himself as "a qualified, elderly individual with disabilities" who "suffers from Type 2 Diabetes, Arrhythmia, Incontinence, Seizures, Insomnia, and the lingering effects of a prior Stroke that was induced by a 5 cm Meningioma (brain tumor)." *Id.* at 1.

### 4. Hubert Chen

Fuery alleges his former attorney, Hubert Chen, (1) provided a redacted discovery file in Fuery's criminal case when Fuery wanted the un-redacted file; and (2) invoked California Penal Code section 1368 against Fuery, calling Fuery's mental competence into question. Allegations at 10, 21.

### 5. Jeff Harry

Fuery alleges Harry, a deputy district attorney at the Sacramento County District Attorney's Office, "seemed reasonable, but has the same half-truth argumentation style as" defendant Jason Stratton, and Harry "passes all information he learns to" defendant Commissioner Stanger. Allegations at 5-6.

### 6. Stephanie Maroun

Fuery alleges Maroun, a deputy district attorney at the Sacramento County District Attorney's Office, "colluded, whether knowing or unknowingly," with Cherry by producing "Cherry's fabricated statement" about Fuery to a Sacramento County Superior Court judge.

Allegations at 4.  Specifically, Maroun produced Cherry's statement "alleging Mr. Fuery had told Deputy Cherry that Mr. Fuery had received [cannabis extract] contraband in exchange for legal fees from Mr. Bagshaw . . . ."  Allegations at 8, 14.  Maroun then requested Fuery's motion to suppress in his client's case "be cancelled and it was."  *Id.*  Maroun also requested a hearing be scheduled to remove Fuery as Bagshaw's counsel.  *Id.*

       7.      <u>Jason Stratton</u>

Stratton, a deputy district attorney at the Sacramento County District Attorney's Office, "denied statements he made to [Fuery] in open court and also delivered omissive information to a [j]udge that caused a direct threat to [Fuery's] life."  Allegations at 5.  Fuery had informed Stratton of Fuery's "health crisis, and requested that [Stratton] speak with Judge Ott because [Fuery] needed to leave for the hospital immediately."  *Id.* at 26.  Instead, Stratton "presented to Judge Ott that [Fuery] had 'another matter,' thereby giving the kiss of death to [Fuery's] request to be heard earlier."  *Id.*

An hour later, Fuery learned about Stratton's representations to Judge Ott, "demanded" Stratton be truthful about the medical emergency.  *Id.*  "The matter was resolved" and Fuery spent a few days "at UC Davis."  *Id.*  On a previous occasion, Stratton had answered a question for Fuery then denied "his answer quoted by" Fuery "a few moments later" when Fuery mentioned it in court.  *Id.*

    B.    <u>Motions to Dismiss</u>

Defendants have filed three separate motions to dismiss.  ECF Nos. 6-1, 13-1 ("Mot."), 15-1.  This court has already ruled on defendants' motion to dismiss filed on May 16, 2018, ECF No. 6, granting the motion without leave to amend as to defendants Judge John Winn, Judge Laurel White, Judge Michal Savage, Court Commissioner Phillip Stanger and court clerk Trevor Shaddox based on judicial and quasi-judicial immunity.  *See* ECF No. 19.

Fuery did not file any timely response to any defense motions.  On August 24, 2018, the court held a hearing on the motions at ECF Nos. 13 and 15 and to conduct initial scheduling.  *See* ECF No. 21.  Jill Nathan and Jesse Rivera appeared for defendants, but Fuery did not appear.

Fuery did file a "declaration," ECF No. 20, at 4:20 AM PDT, less than six hours before hearing. In his filing, he asserts "there are grounds for a motion for reconsideration" of the court's previous order, ECF No. 19, but acknowledges "[t]he original complaint was, in fact, improper because [he] sued the [j]udges and other parties personally and not in their official capacity . . . ." ECF No. 20 at 4. Fuery also addresses defendants not subject to the court's previous order, including Kubochi. *Id.* at 2-4. Thus, Fuery's filing appears to be in part a motion for reconsideration and an opposition to the pending motions to dismiss. Fuery's filing is not a timely opposition. *See* Local Rule 230(c). And Fuery has not "noticed on the motion calendar" his reconsideration request. *See id.* 230(b), (j). Although Fuery, an attorney in active status with the State Bar of California, represents himself pro se, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal of pro se plaintiff's suit under "a Nevada district court local rule because [plaintiff] failed to file an opposition to the motion . . . to compel/motion to dismiss"). Moreover, because the court grants Fuery leave to amend, as explained below, his reconsideration request would be moot if properly filed. Accordingly, the court STRIKES Fuery's filing at ECF No. 20.

The court resolves the pending motions to dismiss below.

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss

A party may move to dismiss a complaint against it for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may grant the motion only if the movant can show the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]ufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).

Determining whether a complaint will survive a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court must accept well-pleaded factual allegations as true and construe the complaint in plaintiff's favor. *Id.* at 678; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although the motion to dismiss standard "is a liberal one, particularly when the action has been filed pro se," even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim" that plaintiff did not initially plead. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (citation omitted).

B. <u>Leave to Amend</u>

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and quotation marks omitted). Before granting leave, a court considers any potential bad faith, delay or futility regarding the proposed amendment, and the potential prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004).

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, there is a strong presumption in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

But leave to amend would be futile where no amendment could cure the deficiency presented. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *see also Middleton v. Martingale Investments, LLC*, 621 F. App'x 396, 397 (9th Cir. 2015) (finding that the district court properly denied leave to amend for futility because judicial immunity applied). Where the movant demonstrates by factual allegations in a complaint that a claim is legally barred by judicial and quasi-judicial immunity, a court may grant a motion to dismiss without leave to amend. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1387-88, 1395 (9th Cir. 1987); *Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986).

III. DISCUSSION

   A. Asterlin's Motion to Dismiss

Asterlin moves to dismiss Fuery's allegations against him, arguing legal malpractice claims are not assignable to persons other than the aggrieved client and Fuery lacks Article III standing to assert a claim against Asterlin. ECF No. 15-1 at 3-5. Fuery has not filed any response to this motion. The court agrees with both of Asterlin's contentions as explained below and GRANTS Asterlin's motion to dismiss Fuery's allegations against Asterlin without leave to amend.

"Standing is an essential component of the case or controversy requirement of Article III, section 2 of the United States Constitution." *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations omitted). This "irreducible constitutional minimum of standing" requires that a party has suffered "an 'injury in fact'—an invasion of a legally protected interest . . . ." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

Here, Fuery has not alleged any injury to him based on Asterlin's actions. *See* ECF No. 1-2 at 44-46. Construing the complaint liberally, it might be possible Fuery alleges his heart attack stems from Asterlin's actions. *See id.* at 44. But Fuery actually alleges his heart attack "was directly related to the stress incurred in the *People v. Fuery* prosecution and ineffective assistance of counsel." *Id.* Fuery alleges "ineffective assistance of counsel" against defendant Zetterling but not against Asterlin. *Compare* Allegations at 5, 21, *with id.* at 6, 20. Based on these allegations, the court does not find Fuery's alleged injury to be "fairly traceable" to Asterlin's asserted legal malpractice against Bagshaw. Moreover, "psychological consequence presumably produced by observation of conduct with which one disagrees" is "not an injury sufficient to confer standing under" Article III. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485 (1982).

1 | Fuery lacks Article III standing to state a legal malpractice claim against Asterlin.
2 | The court therefore GRANTS Asterlin's motion to dismiss on these grounds. Because Asterlin
3 | was not Fuery's attorney, *see* Allegations at 6, 20, and legal malpractice claims are not assignable
4 | from the aggrieved client to another person, the court finds amendment would be futile. *See*
5 | *Curtis v. Kellogg & Andelson*, 73 Cal. App. 4th 492, 504 (1999); *Kracht v. Perrin, Gartland &*
6 | *Doyle*, 219 Cal. App. 3d 1019, 1023 (1990) (enumerating multiple policy reasons for prohibiting
7 | assignability).

The court therefore GRANTS this motion without leave to amend.

B.    ADA and Rehabilitation Act Claims

Defendants move to dismiss all ADA and Rehabilitation Act claims against all defendants. Mot. at 4-5. Defendants contend Title II of the ADA and Rehabilitation Act precludes individual liability, and this legal deficiency is not curable by amendment. *Id.* at 5. Fuery has not responded to these contentions. The court GRANTS defendants' motion to dismiss the ADA and Rehabilitation Act claims as to defendants in their individual capacities and as to any requested damages, without leave to amend. But because Fuery may be able to allege ADA and Rehabilitation Act claims for prospective injunctive relief against defendants in their official capacities, the court grants Fuery leave to amend, if he can so amend while complying with Federal Rule of Civil Procedure 11.

The ADA provides that covered individuals cannot "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. A public entity is any state or local government or a department, agency or other instrumentality of a State or local government. *Id.* § 12131(1). Although the Ninth Circuit has not ruled on this issue, several district courts have held, based on analysis of the statute's language and rulings in other circuits, that defendants cannot be sued in their individual capacities under the ADA. *See, e.g.*, *Roundtree v. Adams*, No. 101CV06502OWWJLO, 2005 WL 3284405, at *8 (E.D. Cal. Dec. 1, 2005) (citing in part *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999));

*Thomas v. Nakatani*, 128 F. Supp. 2d 684, 692 (D. Haw. 2000), *aff'd*, 309 F.3d 1203 (9th Cir. 2002).

Similarly, the Rehabilitation Act provides that no qualified individual shall "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). A program or activity is defined as the operations of departments, agencies, or other instrumentalities of a State or local government. 29 U.S.C. § 794(b). Because individuals do not receive financial assistance for purposes of the Rehabilitation Act, courts hold there is no individual liability under the Rehabilitation Act. *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1067 (D. Or. 2001); *Gamino v. Yosemite Cmty. Coll. Dist.*, No. 118CV00391LJOSAB, 2018 WL 1870447, at *8 (E.D. Cal. Apr. 17, 2018); *see Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999).

Additionally, a plaintiff may not sue defendants for damages in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).

Here, Fuery alleges "Title II of the [ADA], found at 42 U.S.C. §§ 12131-12134, extends to [s]tate and [l]ocal [g]overnments the non-discrimination provisions of the Rehabilitation Act." Allegations at 1. Fuery alleges discrimination including "failure to provide auxiliary aids and services in order to accommodate [Fuery's] reasonable needs as a qualified, elderly individual with disabilities." *Id.* According to Fuery, "[t]he Sacramento County Superior Court is rushing [Fuery] to [t]rial without the usual time and reasonable accommodations that are afforded to a citizen with [d]isabilities." *Id.* Fuery's allegations under Section 504 of the Rehabilitation Act are nearly identical, including "failure to provide auxiliary aids and services in order to accommodate [Fuery's] legally recognized needs, and allowance for [d]iscovery and [t]ime to retrieve it legally for [e]videntiary use." *Id.* at 2.

Consistent with the law discussed above, Fuery cannot maintain his ADA and Rehabilitation Act claims against any defendants in their individual capacities. To the extent Fuery's complaint can be construed to assert claims for money damages against the Sacramento

County Superior Court, such claims are likewise barred by the Eleventh Amendment. *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (Superior Court and its employees have Eleventh Amendment immunity); *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment."), *superseded by statute on other grounds* as stated in *Alexis v. Cty. of Los Angeles*, 698 F. App'x 345, 346 (9th Cir. 2017). The court cannot hold the Sacramento County Superior Court liable for any damages. *See Davidson v. Vertus Properties, Inc.*, No. 2:15-CV-0991-TLN-KJN, 2015 WL 3830077, at *3 (E.D. Cal. June 18, 2015), *report and recommendation adopted,* No. 215CV0991TLNKJNPS, 2015 WL 7188260 (E.D. Cal. Nov. 16, 2015).

In any event, Fuery has not named the Sacramento County Superior Court as a defendant. *See* Compl. at 7. But Fuery has alleged specific acts by some defendants as violations of the ADA. *See* Allegations at 1, 4, 11, 23 (contending "Kubochi failed to provide adequate ADA assistance," dismissed defendant Judge Winn "denied a MC-410 ADA compliance request" and dismissed defendant Trevor Shaddox as court clerk "refused to allow Mr. Fuery" ADA accommodation in the form of allowing Fuery to appear "from a distance"). Fuery's requested relief includes a request for notice to court clerk Shaddox, dismissed defendant Commissioner Stanger and Pro Per Coordinator Kubochi "and all other named [d]efendants to stop ignoring" Fuery's pleadings and discovery requests. ECF No. 1-2 at 45. Fuery also requests an immediate injunction and relief from the criminal prosecution against him, including an order dismissing the charges or in the alternative a stay of his case "for an absolute minimum of 6 months (and no less), or until" Fuery's "arrhythmia is controlled." *Id.* Fuery's requested relief does not include a clear request for accommodation under the ADA.

For the foregoing reasons, the court GRANTS defendants' motion to dismiss all claims asserting individual liability under the ADA and Rehabilitation Act claims against defendants in their individual capacities, without leave to amend. But because Fuery may allege an ADA or Rehabilitation Act claim against a defendant in his or her official capacity or against the Sacramento County Superior Court for prospective injunctive relief, the court grants Fuery

leave to amend his complaint to "name as a defendant the public entity that discriminated against him" or clarify the defendants he sues in their official capacities and his requested prospective injunctive relief. *Hunter v. Clark*, No. 109CV01556MJSPC, 2010 WL 2196684, at *2 (E.D. Cal. May 28, 2010); *cf. Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a [s]tate official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act").

### C. Section 1983 Claims Against Cherry

Defendants move to dismiss all allegations against Cherry. First, defendants contend Fuery lacks standing to assert § 1983 claims on Bagshaw's behalf. Mot. at 6-8. And the statute of limitations bars any claims based on Cherry's "menacing visit" in 2014. *Id.* at 8. Fuery has not responded to these contentions. Defendants are correct. The court therefore GRANTS defendants' motion without leave to amend, as explained below.

#### 1. Claims on Bagshaw's Behalf

As stated above, "[t]o establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper*, 568 U.S. at 409. This "irreducible constitutional minimum of standing" requires that a party has suffered "an 'injury in fact'—an invasion of a legally protected interest . . . ." *Lujan*, 504 U.S. at 560 (citations omitted).

##### a) Search and Seizure

"'Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.'" *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015) (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)). "Thus, the general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998), *as amended* (Nov. 24, 1998).

Here, part of Fuery's allegations against Cherry are that Cherry fabricated "a fraudulent probable cause statement" to "illegally search and seize" Fuery's client's "legally grown [m]edical [m]arijuana." *Id.* at 8, 15. If Cherry violated anyone's Fourth Amendment

12

rights in this search, they were Fuery's client Bagshaw's rights, not Fuery's himself.  Fuery has not suffered an injury in fact because he was not the person who suffered a violation of his constitutional rights.  Fuery's own allegations indicate the marijuana belonged to his client.  *Id.* at 15.  And Fuery has denied receiving cannabis extract contraband in exchange for legal services.  *Id.* at 14.

Because Fuery has suffered no injury in fact from Cherry's allegedly unconstitutional search and seizure of his client's marijuana, the court GRANTS defendants' motion to dismiss as to this claim.

b) <u>Reputational Harm</u>

Fuery alleges Cherry's "absolute blatant lie" that "Fuery had told [Cherry] that Mr. Bagshaw had paid in [c]ontraband for [l]egal [s]ervices," told in 2014, prevented Fuery's attempted substitution as counsel for Bagshaw in 2016.  Allegations at 20.  According to Fuery, "Cherry has violated" Fuery's constitutional right to be free from slander and libel.  *Id.* at 15.  Fuery asserts Cherry's lies compromised Bagshaw and led "to a loss of employment by" Fuery.  *Id.*

Fuery has not pleaded an injury in fact or a concrete injury.  Defamation causing stigma, "standing alone," does not deprive a plaintiff of "any 'liberty' protected by the procedural guarantees of the Fourteenth Amendment."  *Paul v. Davis*, 424 U.S. 693, 709 (1976).  Fuery must plead a "stigma-plus" claim, in which Fuery alleges that the state action not only caused the stigma of a damaged reputation, but also that the state action deprived the plaintiff of a protected liberty or property interest or a status recognized by the state."  *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 376 (9th Cir. 1999) (en banc).

Fuery has alleged a "loss of employment" in relation to the "compromising" of his former client.  Allegations at 15.  But Fuery also pleads that he has only ever worked pro bono for that client.  *Id.*  Fuery pleads that he has "lost work, income, had licensing problems, suffered damage to his reputation and endured ridicule as a result of the perjurious lies" Cherry "made up."  ECF No. 1-2 at 44.  The court find these allegations too conclusory and lacking in plausible factual allegations to support a stigma-plus claim.  *See Iqbal*, 556 U.S. at 678 (requiring

13

"sufficient factual matter" to make the claim plausible and stating conclusory or formulaic recitations of elements do not alone suffice). Fuery has not pleaded how these harms are "fairly traceable to the challenged action." *Clapper*, 568 U.S. at 409. The court therefore GRANTS defendants' motion to dismiss for lack of standing. Because Fuery's claim is barred by the statute of limitations, as explained below, the court grants this motion without leave to amend.

2. Statute of Limitations

Section 1983 does not contain its own statute of limitations. The appropriate statute of limitations is that of the forum state's statute of limitations for personal injury torts. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). In California, the general residual statute of limitations for personal injury actions is the two year period set forth at California Civil Procedure Code section 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

Fuery filed his complaint on April 18, 2018. *See* Compl. Fuery has advanced no argument that the court should toll the statute of limitations, even in Fuery's untimely response stricken by the court. *See* ECF No. 20. Thus, any alleged conduct by Cherry occurring before April 18, 2016 is time-barred. Fuery has alleged that Cherry, "[o]n or about" September 23, 2014, visited Fuery's office "attempting to interfere" with the upcoming suppression hearing in the Bagshaw case. Allegations at 13-14. Even the suppression hearing, which involved Maroun producing Cherry's statement, occurred well before April 18, 2016.

Because Fuery's allegations against Cherry are barred by the statute of limitations, the court GRANTS defendant's motion to dismiss all § 1983 claims against Cherry without leave to amend.

D. A. Stanley Kubochi

Defendants contend quasi-judicial immunity protects Kubochi and bars Fuery's claims against Kubochi. Mot. at 8-9. Defendants are correct that quasi-judicial immunity protects Kubochi from individual liability. For the reasons stated below, the court GRANTS defendants' motion to dismiss Fuery's claims against Kubochi.

"Judicial immunity is not limited to judges.  It extends to other government officials who play an integral part in the implementation of the judicial function. Such officials enjoy derivative immunity (quasi-judicial immunity) which can be absolute if their conduct relates to a core judicial function." *Antoine v. Byers & Anderson, Inc.*, 950 F.2d 1471, 1474 (9th Cir. 1991), *rev'd on other grounds*, 508 U.S. 429 (1993); *see also Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 748 (9th Cir. 2017).  For example, court clerks enjoy judicial immunity when performing roles integral to the judicial process.  *See In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002).

Fuery's allegations that Kubochi disallowed, denied or failed to file various motions by Fuery are precluded by the quasi-judicial immunity doctrine.  *See In re Castillo*, 297 F.3d at 951-52 (holding that "the scheduling of hearings" by a non-judicial officer was an action entitled to "absolute quasi-judicial immunity"); *Marchetti v. Superior Court of California*, No. 15-CV-05523-WHO, 2016 WL 4658959, at *3, 8 (N.D. Cal. Sept. 7, 2016), *aff'd*, 708 F. App'x 428 (9th Cir. 2017) (prohibiting § 1983 claim against court clerk who "informed [plaintiff] that she had no right to a hearing at that time or to any other form of judicial review of the fine" based on quasi-judicial immunity); *Essell v. Carter*, 450 F. App'x 691 (9th Cir. 2011) (court clerks immune for failing to respond to pro se plaintiff's letters and failing to file various motions and appeals); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (court clerk immune for allegedly failing to give notice of a dependency court order).

But as explained earlier, quasi-judicial immunity will not protect Kubochi against Fuery's ADA allegations, if he can state them properly.  *See Marchetti*, 2016 WL 4658959, at *7; *Ex parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment does not prohibit suits against state officers sued in their official capacity for prospective relief from an ongoing violation of federal law); *cf. Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1134-45 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (holding deposition testimony of court's ADA coordinator precluded summary judgment in her favor because her testimony suggested possible reliance on the ADA to make arrangements for a hearing-impaired individual "as an administrative matter").

The court therefore GRANTS defendant's motion to dismiss Fuery's claims against Kubochi. For the dismissed claims against Kubochi in his individual capacity or for money damages, the court grants the motion without leave to amend because the claims are legally barred by quasi-judicial immunity. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1387-88, 1395 (9th Cir. 1987); *Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986). As the court explained above when analyzing Fuery's ADA and Rehabilitation Act claims against individual defendants, Fuery has leave to amend to name Kubochi in his official capacity and plead the prospective injunctive relief he seeks for his ADA and Rehabilitation Act claims, if he can.

      E.     <u>Hubert Chen</u>

Defendants move to dismiss Fuery's claims against Chen because Fuery has failed to allege compliance with California's Government Claims Act. Mot. at 10. Additionally, defendants contend Fuery fails to provide the required proof of innocence for a malpractice claim against a criminal defense attorney and fails to sufficiently plead any element of a malpractice claim. *Id.* Defendants are correct that Fuery has failed to allege compliance with California's Government Claims Act and failed to show legal exoneration.

To plead legal malpractice, Fuery must allege facts supporting: (1) "the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise"; (2) breach of that duty; (3) "a proximate causal connection between the breach and the resulting injury"; and (4) "actual loss or damage resulting from the attorney's negligence." *Wilkinson v. Zelen*, 167 Cal. App. 4th 37, 45 (2008); *see also Wiley v. Cty. of San Diego*, 19 Cal. 4th 532, 536 (1998). "In a legal malpractice case arising out of a criminal proceeding, California, like most jurisdictions, also requires proof of actual innocence." *Wilkinson*, 167 Cal. App. 4th at 45; *Wiley*, 19 Cal. 4th at 536. California courts require this proof because "[p]ermitting a convicted criminal to pursue a legal malpractice claim without requiring proof of actual innocence would allow the criminal to profit by his own fraud, or to take advantage of his own wrong . . . ." *Wiley*, 19 Cal. 4th at 537 (alteration in brackets, internal quotation marks and citations omitted). Additionally, "guilty defendants have an adequate

remedy in the form of postconviction relief for ineffective assistance of counsel." *Coscia*, 25 Cal. 4th at 1200 (citing *Wiley*, 19 Cal. 4th at 542-43). These "public policy considerations require that only an innocent person wrongly convicted be deemed to have suffered a legally compensable harm." *Id.* at 1201.

Proof of actual innocence includes "reversal of [defendant's] conviction, or other exoneration by postconviction relief," including "acquittal after retrial, reversal on appeal with directions to dismiss the charges, reversal followed by the People's refusal to continue the prosecution, or a grant of habeas corpus relief." *Id.* at 1201, 1205.

Fuery has not alleged he is innocent of what he refers to as an "alleged battery against fellow patient Michael Morrison." Allegations at 9, 18, 19, 21. Additionally, it appears Fuery's trial has not concluded at the time of his complaint's filing. *See* Allegations at 18, 24-25. Nor does Fuery allege actual loss resulting from Chen's negligence; Fuery by his own allegations invoked *Faretta v. California* and the court granted him pro per status. Allegations at 10, 22; *see* ECF No. 1-2 at 44-46. Although Fuery alleges he received a "clearly redacted" case file, asserting this file "was much smaller than the file" Fuery "had previously witnessed" Chen "in possession of" in court, Allegations at 22, Fuery has not pleaded how he has suffered harm from receiving this redacted case file. Nor has Fuery sufficiently alleged harm from Chen's invocation of California Penal Code section 1368, questioning Fuery's mental competency, when Fuery's own allegations indicate he now represents himself.

Because Fuery has not sufficiently pleaded a legal malpractice claim against Chen, the court GRANTS defendants' motion to dismiss Fuery's claims against Chen. But consistent with the federal rules and Ninth Circuit case law, the court grants leave to amend to sufficiently allege actual innocence and the harm Fuery has suffered as a result of Chen's asserted professional negligence. *See* Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC*, 316 F.3d at 1051.

F. Jeff Harry

Defendants move to dismiss all claims against Harry because Fuery has failed to allege Harry's involvement "in conduct amounting to a deprivation of" Fuery's rights. Mot. at 12. Defendants are correct. Fuery's only allegations about Harry are that he "seemed reasonable,

but has the same half-truth argumentation style as" defendant Jason Stratton and "passes all information he learns to" defendant Commissioner Stanger. Allegations at 5-6. Fuery's allegations lack "sufficient factual matter" to state any claim for relief against Harry. *Iqbal*, 556 U.S. at 678-79. These allegations do not suffice to state a claim even when viewed in the context of Fuery's allegations against other defendants.

The court therefore GRANTS defendants' motion to dismiss any claim against Harry. Because the court has no indication of what Fuery's allegations against Harry might be, the court grants Fuery leave to amend his claims if he can against Harry.

### G. Maroun and Stratton

Defendants contend Fuery fails to allege a § 1983 claim against Maroun and that both Maroun and Stratton are entitled to absolute prosecutorial immunity. Mot. at 12-15. The court finds Maroun and Stratton are both entitled to absolute prosecutorial immunity. The court therefore does not need to reach defendants' other contentions as to Maroun and GRANTS defendants' motion to dismiss without leave to amend.

State prosecutors are entitled to absolute prosecutorial immunity from claims under § 1983 when they act in their official role as advocates for the state performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity "applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 427). This immunity applies when a prosecutor is "presenting the [s]tate's case," *Imbler*, 424 U.S. at 431, "and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . .'" *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

Maroun is entitled to absolute prosecutorial immunity from Fuery's allegations. Here, Maroun produced a statement allegedly fabricated by Cherry to support canceling Fuery's motion to suppress hearing and to remove Fuery as Bagshaw's counsel as part of the prosecution against Bagshaw. *See* Allegations at 8, 14. This conduct occurred in court, before a judge, and

involved presenting the state's case.  *See Imbler*, 424 U.S. at 431.  Additionally, Maroun's decision to present Cherry's statement involved professional evaluation of the evidence assembled by police.  *See Garmon*, 828 F.3d at 843.  Absolute prosecutorial immunity therefore bars Fuery's claims against Maroun.

Stratton is entitled to absolute prosecutorial immunity as well.  Fuery's allegations involve Stratton's representations in court as part of the prosecution against Fuery.  Even if prosecutorial immunity did not apply, Fuery has failed to allege how Stratton's statements injured Fuery when Fuery's only concrete example of Stratton's allegedly misleading statement involved a matter that "was resolved" with Fuery's receiving medical care.  *See* Allegations at 26.

The court GRANTS defendants' motions to dismiss Fuery's allegations against Maroun and Stratton.  Because Maroun and Stratton are entitled to absolute prosecutorial immunity as to these allegations, amendment would be futile.  The court therefore denies Fuery leave to amend.

IV. CONCLUSION

The court GRANTS all defendants' motions to dismiss, as explained above.  The court grants Fuery leave to amend only as follows:

- Fuery has leave to amend to name the Sacramento County Superior Court or defendants in their official capacities and to request only prospective injunctive relief for Fuery's ADA and Rehabilitation Act claims.
- Fuery has leave to amend his allegations against Hubert Chen.
- Fuery has leave to amend his allegations against Jeff Harry.

The court otherwise denies Fuery leave to amend as to any other dismissed claims or defendants.

This resolves ECF Nos. 13 and 15.

IT IS SO ORDERED.

DATED: September 4, 2018.

_____
UNITED STATES DISTRICT JUDGE

1